# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Isaac Cotto, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since April 2024. Prior to HSI, I was employed by the Transportation Security Administration as a Transportation Security Officer from 2022 to 2024. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code and to execute warrants issued under the authority of the.

2. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I received training in conducting criminal investigations, methods of investigation, and criminal investigations involving computers and different access devices.

3. I completed the HSI Special Agent Training Program in FLETC Glynco, Georgia. For approximately twelve (12) weeks I was extensively trained in academic and practical applications in financial crimes, drug trafficking, weapons, human trafficking, child exploitation, document and identity fraud, immigration and other offenses.

4. I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. As a Special Agent, I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance,

interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

5.  I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

6.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

7.  I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed. Based on my training and experience and the facts set forth in this affidavit, there is probable cause

2

to believe that violations of Title 8 U.S.C. 1326(a) – *Reentry of removed alien* has been committed by Amaury MEDINA-SANTANA (MEDINA-SANTANA).

## PROBABLE CAUSE

1. On January 9, 2026, at approximately 8:37 AM, Atlantic Standard Time, HSI Fajardo agents were advised by United states Customs and Border Protection (CBP), Marine Interdiction Agents (MIAs) that they had intercepted a vessel of interest originating from ST. Thomas in United States waters near Vieques island traveling west towards Puerto Rico with three occupants onboard.

2. During the interdiction, MIAs conducted documents check on all three individuals on board. One of the occupants did not provide identification documents but was later identified as Amaury MEDINA-SANTANA, a Dominican national. CBP then detained all three individuals for further questioning and contacted HSI agents.

3. HSI agents performed an immigration inspection and determined that MEDINA-SANTANA was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States.

4. Further immigration records checks revealed the following:

5. Immigration documents indicate MEDINA-SANTANA received an Expedited Removal issued by United States Border Patrol on September 25, 2015. MEDINA-SANTANA was physically removed from the United States to Dominican Republic on September 28, 2015, through the American Cruise Ferry in San Juan, Puerto Rico.

6. On August 14, 2025, MEDINA-SANTANA was processed for a reinstatement of a removal order. On August 19, 2025, MEDINA-SANTANA was physically removed from the United States to the Dominican Republic via the Luis Munoz Marin Airport in San Juan, Puerto Rico.

7. Record checks also revealed that as of January 9, 2026, MEDINA-SANTANA had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, MEDINA-SANTANA has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

8. HSI agents then proceeded to perform an interview of MEDINA-SANTANA. MEDINA-SANTANA was read his Miranda rights in his native language Spanish. MEDINA-SANTANA stated he understood his rights and decided to waive his rights and give a voluntary statement to HIS agents.

9. MEDINA-SANTANA stated that he met the two other individuals in Fajardo and that they invited him to spend a day on the boat. He also stated that when they left Fajardo, they did not have a specific route in mind. MEDINA-SANTANA also admitted to HSI agents that he had been previously deported on two separate occasions in 2015 and as recently as 2025.

10. On January 9, 2026, MEDINA-SANTANA, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. MEDINA-SANTANA was not admitted, inspected, or paroled into the United States by an immigration officer, nor did MEDINA-SANTANA present himself at a designed port of entry for inspection.

## CONCLUSION

11. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that MEDINA-SANTANA reentered the United States after being removed in violation of Title 8 U.S.C. 1326(a)– *Reentry of removed alien.*

Respectfully submitted,

_____
Isaac Cotto
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at __1:52 p.m.__ by telephone, this __12th__ day of January, 2026.

_____
Hon. Héctor Ramos Vega
United States Magistrate Judge
District of Puerto Rico